**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEEN, LLC,

    Plaintiff,

No. C 05-3796

**ORDER DENYING PLAINTIFF'S APPLICATION FOR TRO AND REQUEST FOR EXPEDITED DISCOVERY**

v.

MARTIN KEEN, an individual, and
THE TIMBERLAND COMPANY dba
MION FOOTWEAR, a Delaware Corp.,

    Defendant
_____/

This matter came before the court for hearing on plaintiff's application for a temporary restraining order ("TRO"), request for expedited discovery, and request for a protective order on September 28, 2005. Having considered the parties' oral arguments, the briefs, declarations and supporting exhibits, and the relevant legal authorities, plaintiff's application for a TRO and request for expedited discovery are DENIED for the reasons stated on the record and summarized below.

To obtain a preliminary injunction, a plaintiff must demonstrate a strong likelihood of success on the merits, the possibility of irreparable injury to plaintiff if preliminary relief is not granted, a balance of hardships favoring the plaintiff, and advancement of the public interest (in certain cases). *Rodde v. Bonta*, 357 F.3d 988, 994 (9th Cir. 2004). Alternatively, injunctive relief may be granted if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are

raised and the balance of hardships tips sharply in their favor.  *Id.*

For the reasons stated on the record, the court concludes that plaintiff is unable to demonstrate either a strong likelihood of success or a probability of success on the merits with respect to the three claims at issue in the TRO application– the trademark infringement claims, the unfair competition claims, and the breach of contract claim (asserted against defendant Martin Keen only).  Additionally, the court noted that plaintiff's proposed order granting temporary injunctive relief was overly broad and vague.

Regarding plaintiff's request for expedited discovery as to plaintiff's trade secret claim not at issue in the TRO application, the court concludes that plaintiff has not shown good cause or any urgency justifying a departure from Federal Rule of Civil Procedure 26(f).  The court further advised the parties on the record that to the extent they seek a protective order, they should submit to the court a stipulated protective order worked out by the parties.

As set forth above and for the reasons stated on the record, plaintiff's application for a TRO is DENIED.  Plaintiff's motion for expedited discovery is also DENIED.

This order fully adjudicates the matter listed at no. 31, 33 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 28, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge